IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARRIER CORPORATION,

    Plaintiff,                                        CASE NO.: 8:21-cv-00008

    v.

TECHNOLOGY RESEARCH, LLC,
F/K/A TECHNOLOGY RESEARCH
CORPORATION,

    Defendant.
_____/

TECHNOLOGY RESEARCH, LLC,
F/K/A TECHNOLOGY RESEARCH
CORPORATION,

    Conditional Counterclaimant,

    v.

CARRIER CORPORATION,

    Conditional Counterdefendant.
_____/

**ANSWER, DEFENSES, CONDITIONAL COUNTERCLAIM & DEMAND FOR JURY TRIAL OF DEFENDANT/TECHNOLOGY RESEARCH, LLC**

COMES NOW Defendant Technology Research, LLC ("TRC"), and files its Answer, Defenses, and Demand for Jury Trial, showing as follows:

**ALLEGATIONS REGARDING JURISDICTION & VENUE**

1. TRC admits the allegations contained in Paragraph 1.

2. The allegations set forth in Paragraph 2 constitute legal conclusions to which no response is required. To the extent that a response is nonetheless deemed to be required, TRC denies the allegations set forth in Paragraph 2.

3. TRC denies that its principal place of business has any relevance to subject matter jurisdiction in this action. The remaining allegations set forth in Paragraph 3 constitute legal conclusions to which no response is required. To the extent that a response is nonetheless deemed to be required, TRC denies the allegations set forth in Paragraph 3.

## ALLEGED FACTUAL BACKGROUND

4. TRC admits the allegations contained in Paragraph 4.

5. TRC admits that Carrier's counsel sent the letter appended to the Complaint entitled "Tender of Defense and Demand for Indemnification," dated March 27, 2015. That letter speaks for itself. Except as stated herein, TRC denies the allegations set forth in Paragraph 5.

6. TRC admits that Carrier's counsel sent the letter appended to the Complaint entitled "Tender of Defense and Demand for Indemnification," dated March 27, 2015. That letter, and the documents appended to that letter, speak for themselves. Except as stated herein, TRC denies the allegations set forth in Paragraph 6.

7. TRC admits that Carrier's counsel sent the letter appended to the Complaint entitled "Tender of Defense and Demand for Indemnification," dated March 27, 2015. That letter, and the documents appended to that letter, speak for themselves. Except as stated herein, TRC denies the allegations set forth in Paragraph 7.

8. TRC admits that Carrier's counsel sent the letter appended to the Complaint entitled "Tender of Defense and Demand for Indemnification," dated March 27, 2015. That letter, and the documents appended to that letter, speak for themselves. Except as stated herein, TRC denies the allegations set forth in Paragraph 8.

9. TRC admits that TRC's counsel sent the letter appended to the Complaint dated April 17, 2015. That letter speaks for itself. Except as stated herein, TRC denies the allegations set forth in Paragraph 9.

10. TRC admits that Carrier reached a settlement with Ms. Patton. TRC is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 10, and therefore can neither admit nor deny same. As such, those allegations stand denied.

11. TRC denies that it acted improperly and denies that Carrier is entitled to the relief sought.

## ALLEGED CONTRACTUAL INDEMNITY CLAIM

12. TRC restates and incorporates herein by reference its previously stated responses to Paragraphs 1 through 11, and its Defenses.

13. The contract appended to Carrier's Complaint speaks for itself. Except as stated herein, TRC denies the allegations set forth in Paragraph 13.

14. The allegations set forth in Paragraph 14 constitute legal conclusions to which no response is required. To the extent that a response is nonetheless deemed to be required, TRC denies the allegations set forth in Paragraph 14.

15. The contract appended to Carrier's Complaint speaks for itself. Except as stated herein, TRC denies the allegations set forth in Paragraph 15.

16. The contract appended to Carrier's Complaint speaks for itself. Except as stated herein, TRC denies the allegations set forth in Paragraph 16.

17. TRC denies the allegations contained in Paragraph 17.

18. TRC denies the allegations contained in Paragraph 18.

19. TRC denies the allegations contained in Paragraph 19.

## ALLEGED COMMON LAW INDEMNITY CLAIM

20. TRC restates and incorporates herein by reference its previously stated responses to Paragraphs 1 through 19, and its Defenses.

21. The allegations set forth in Paragraph 21 constitute legal conclusions to which no response is required. To the extent that a response is nonetheless deemed to be required, TRC denies the allegations set forth in Paragraph 21.

22. TRC denies the allegations in Paragraph 22.

23. TRC denies the allegations in Paragraph 23.

24. All allegations not expressly and explicitly admitted above are hereby denied.

## DEFENSES

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are or may be barred in whole or in part under the doctrines of waiver, estoppel, laches, and unclean hands.

## THIRD DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the pertinent statute(s) of limitations.

**FOURTH DEFENSE**

Plaintiff's claims are or may be barred or reduced in whole or in part to the extent that Plaintiff failed to mitigate any damages allegedly sustained.

**FIFTH DEFENSE**

Plaintiff's claims are or may be barred in whole or in part by product misuse, abuse, modification, or alteration.

**SIXTH DEFENSE**

Plaintiff's claims and damages are or may be barred in whole or in part by the written terms of the alleged agreement(s).

**SEVENTH DEFENSE**

Any alleged "defects," claims, and damages were the result of superseding intervening acts or omissions by third parties.

**EIGHTH DEFENSE**

Defendant denies that there is any causal connection between its conduct and the damages alleged by Plaintiff in its Complaint.

**NINTH DEFENSE**

Carrier is not or might not be the correct party to assert the alleged claims in the Complaint.

**TENTH DEFENSE**

Defendant affirmatively alleges that the provisions of § 768.81, Fla. Stat., apply, thereby diminishing Plaintiff's recovery against it by that percentage of negligence attributable to

Plaintiff and other parties or non-parties to this case, and Defendant's liability shall be limited to its percentage of responsibility, if any, and not on the basis of the doctrine of joint and several liability. The injuries complained of are the result of third parties over whom Defendant had no control. In compliance with *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996), Defendant will identify any other such persons and/or entities with as much particularity as is feasible as discovery progresses, and in sufficient time to allow Plaintiff to respond. Thus, Plaintiff's claims should be barred or proportionately reduced by the negligent acts of such known or unknown third parties, pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).

## CONDITIONAL COUNTERCLAIM BY DEFENDANT TRC

1. For reasons it has previously explained in motions and briefs in the Patton lawsuit, TRC contends that there can be no claim for common-law indemnification under any construction of the facts in this case. However, as explained below, if for any reason it is determined that a common-law indemnification claim could succeed in this case, it is TRC, not Carrier, that is entitled to indemnification. Accordingly, TRC asserts this conditional counterclaim.

2. Carrier has its principal place of business in Florida and is thus subject to personal jurisdiction in this State. Also, by filing this action, Carrier has consented to personal jurisdiction and venue in this State and County.

3. On or about February 2, 2014, a fire occurred in Toccoa, Georgia resulting in a personal injury lawsuit by Courtney Patton (the "Patton lawsuit"). Eventually, TRC was named as a defendant in that lawsuit, incurred substantial defense costs, and settled Ms. Patton's claims against TRC.

4. As the designer, manufacturer, and supplier of the Carrier PTAC unit/air conditioner at issue in this action, Carrier owed a duty to exercise reasonable care to design, test, manufacture, inspect, market, sell, and provide adequate warnings concerning the PTAC unit/air conditioner so as to make it free of unreasonable risk of harm.

5. TRC's alleged liability and its settlement in the Patton lawsuit were due to Carrier's negligence in designing, testing, manufacturing, inspecting, marketing, and selling, and in failing to provide adequate warnings concerning its PTAC unit/air conditioner. TRC's cost to defend the Patton lawsuit and its settlement payment to resolve the Patton lawsuit was proximately caused by Carrier's breach of its duties. Consequently, TRC was compelled to pay damages in the Patton lawsuit because of negligence imputed to it as a result of torts committed by Carrier.

6. Accordingly, to the extent any form of common-law indemnification is determined to be applicable to this case, TRC is entitled to be indemnified for and recover from Carrier all costs it incurred in the Patton lawsuit, including costs of defense and attorneys' fees as well as payments in settlement of the claims in the Patton lawsuit.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendant/Counterclaimant Technology Research, LLC prays as follows:

(a) That judgment be entered in TRC's favor as to all of Carrier's claims in this action and (in the event the Court determines that a common-law indemnification theory might apply here) on TRC's conditional counterclaim;

(b) That, in the event the Court determines any common-law indemnification theory might apply here, TRC be awarded damages on its conditional counterclaim in an amount to be

proven in trial, but in excess of $75,000.00, plus its attorneys' fees and other litigation expenses in this action;

      (c)      That costs be cast against Plaintiff; and,

      (d)      That TRC have such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaimant demands a trial by jury on all issues so triable.

Dated: January 4, 2021                Respectfully submitted,

                                                    */s/ Courtney M. King, Esq.*
SCOTT A. RICHMAN, ESQ.
Florida Bar No. 182753
COURTNEY M. KING, ESQ.
Florida Bar No. 0069389
TIFFANY M. WARD.ESQ.
Florida Bar No. 1019017
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Emails: srichman@mtwlegal.com; cking@mtwlegal.com; tward@mtwlegal.com
Secondary Service Email: e.service@mtwlegal.com; CarriervTRC@mtwlegal.com
*Attorneys for Defendant/Counterclaimant, Technology Research, LLC*

## CERTIFICATE OF SERVICE

HEREBY CERTIFY that on January 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

R. Ryan Rivas, Esq., Hall Booth Smith, P.C., 22202 North Westshore Blvd., Suite 200, Tampa, Florida 33607, RRivas@hallboothsmith.com, *Attorneys for Plaintiff/Counterdefendant*

/s/ *Courtney M. King, Esq.*
SCOTT A. RICHMAN, ESQ.
Florida Bar No. 182753
COURTNEY M. KING, ESQ.
Florida Bar No. 0069389
TIFFANY M. WARD.ESQ.
Florida Bar No. 1019017
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Emails:
srichman@mtwlegal.com; cking@mtwlegal.com;
tward@mtwlegal.com
Secondary Service Email:
e.service@mtwlegal.com;
CarriervTRC@mtwlegal.com
*Attorneys for Defendant/Counterclaimant,*
*Technology Research, LLC*