IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARRIER CORPORATION,

    Plaintiff,                                  CASE NO.: 8:21-cv-00008-VMC-AAS

    v.

TECHNOLOGY RESEARCH, LLC,
F/K/A TECHNOLOGY RESEARCH
CORPORATION,

    Defendant.
_____/

TECHNOLOGY RESEARCH, LLC,
F/K/A TECHNOLOGY RESEARCH
CORPORATION,

    Conditional Counterclaimant,

    v.

CARRIER CORPORATION,

    Conditional Counterdefendant.
_____/

## CASE MANAGEMENT REPORT

**Defendant/Counterclaimant TRC respectfully requests, and has separately moved for, a Rule 16 conference, at which it will request a bifurcation of these proceedings.**

**TRC STATES: The issues in this case were previously the subject of discovery and summary judgment motions in an action filed in the Superior Court of Stephens County, Georgia, Case No. 14-SU-CV-329. Carrier dismissed the action without prejudice on the eve of a hearing on TRC's motion for summary judgment, which would have disposed of all of Carrier's claims. TRC contends that, in the previous action, all possible discovery was completed as to the cause and origin of the hotel fire that is the central fact in this case. At the end of that discovery, the uncontroverted expert conclusion held that the fire was not caused by any alleged defect in any TRC product. Given the extensive discovery that has already occurred on the cause-and-origin issue, and given also that the physical evidence pertinent to issue has now been spoliated, through no fault of TRC's, the most efficient and effective**

way to proceed in this action is for the Court to resolve the fully discovered cause-and-origin first, as that issue should actually end the case. TRC will be filing shortly a motion requesting a Rule 16 conference to address this bifurcation request.

*CARRIER STATES: Plaintiff/Counterclaim defendant Carrier Corporation opposes bifurcation. Further, while Carrier admits there was an action filed in the Superior Court of Stephens County Georgia, nothing precludes Carrier, or any other litigant, from dismissing an action and subsequently refiling. The statements posited by TRC have absolutely nothing to do with the information required to prepare this Case Management Report and belong in a separate and appropriately filed motion. Further, the narrative provided by TRC is legally and factually inaccurate and self-serving at best.*

*If TRC's request for bifurcation is not granted, then the parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):*

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** <br> [Approximately 30 days after CMR meeting] | February 16, 2021 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** <br> [Each party who has not previously filed must file immediately] | |
| **Motions to Add Parties or to Amend Pleadings** <br> [Approximately 1 - 2 months after CMR meeting] | March 16, 2021 |
| **Disclosure of Expert Reports** <br> Plaintiff: Defendant: <br> [Approximately 1 - 2 months before discovery deadline to allow expert depositions] | July 9, 2021 (as to all issues for which a party has the burden of proof) <br><br> August 10, 2021 (for responsive reports) |
| **Discovery Deadline** <br> [Approximately 6 - 8 months after defendant's first appearance] | September 10, 2021 |
| **Dispositive Motions,** *Daubert,* **and** *Markman* **Motions** <br> [Court requires 4 months or more before trial term begins] | October 12, 2021 |
| **Meeting** *In Person* **to Prepare Joint Final Pretrial Statement** <br> [Court will set a date] | |
| **Joint Final Pretrial Statement (***Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Witness Lists, Exhibit Lists with Objections on Approved Form – all to be emailed in a Word document to chambers at: chambers_flmd_covington@flmd.uscourts.gov.) <br> [Court will set a date] | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **All Other Motions Including Motions** *In Limine*<br>[Court requires 2 months before Trial term begins] | January 7, 2022 |
| **Final Pretrial Conference**<br>[Court will set a date]] | |
| **Trial Term Begins**<br>[Trial term must not be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first Monday of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | March 7, 2022 |
| **Estimated Length of Trial**<br>[Number of trial days] | At least 10 |
| **Jury / Non-Jury** | Jury |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____<br>No__X___<br><br>Likely to Agree in Future<br>_No_____ |

I.  **Preparation of the Case Management Report**

Lead counsel may meet in person or by telephone to prepare the Case Management Report. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person or by telephone on January 18, 2021 and was attended by:

| | |
|---|---|
| Courtney M. King | Counsel for Defendant/Counterclaimant TRC |
| Lucas W. Andrews | Counsel for Defendant/Counterclaimant TRC |
| R. Ryan Rivas | Counsel for Plaintiff/Counterdefendant Carrier |

Once the parties have met and a case management report has been filed, discovery in this case can commence.

II.  **Pre-Discovery Initial Disclosures of Core Information**

**Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by

---

[1]A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

    The parties \_\_\_\_ have exchanged **X** agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(A) - (D)

   _____on         **by**    **X** (check one)    **February 16, 2021**.

    Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below. **See below**.

## III. Electronic Discovery

    The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

    **NA** No party anticipates the disclosure or discovery of ESI in this case;

    **X** One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

    A. The form or forms in which ESI should be produced.

    B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

    C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

    D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

    E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

    F. Any issues relating to preservation of discoverable ESI.

    G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

      H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

**As noted above, TRC requests a bifurcated proceeding, with ESI and other discovery deferred. Carrier opposes bifurcation and any deferred discovery, including that of ESI. Otherwise, there are no disputed issues at this time.**

If there are disputed issues specified above, or elsewhere in this report, then (check one):

      **X** One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

      **If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

      <u>**NA**</u> All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court. **TRC requests a conference and has filed a motion for same.**

IV.       Agreed Discovery Plan for Plaintiffs and Defendants

      **A.       Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper

— including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____     Yes

**X  No**              Defendant TRC has filed its Certificate.

                Certificate will be filed by Carrier Corporation on or before  January  **25, 2021**

      B.      **Discovery Not Filed  —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

      C.      **Limits on Discovery  —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed. R. Civ. P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed. R. Civ. P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed. R. Civ. P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions -- 10
2. Interrogatories--25
3. Document Requests—40
4. Requests to Admit—50
5. Supplementation of Discovery- pursuant to Rule 26.

      D.      **Discovery Deadline  —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.

In addition, the parties agree as follows:

  **E.**  **Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

  **F.**  **Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

  **G.**  **Other Matters Regarding Discovery —**

**V.**  **Settlement and Alternative Dispute Resolution**.

  **A.**  **Settlement —**

    The parties agree that settlement is

\_\_\_\_\_ likely  X  unlikely   (check one)

    The parties request a settlement conference before a United States Magistrate Judge.

_____ yes **X** no   likely to request in future _____

B.   **Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.  Do the parties agree to arbitrate?

_____ yes _____     **X**  no _____     _____ likely to agree in future _____

_____ Binding         _____Non-Binding

C.   **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The Court will set the mediation deadline and appoint a mediator in the Case Management and Scheduling Order.

D.   **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:  Counsel will continue to look for every opportunity to discuss, if possible.

Date: _____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| _____<br>SCOTT A. RICHMAN, ESQ.<br>Florida Bar No. 182753<br>srichman@mtwlegal.com<br>COURTNEY M. KING, ESQ.<br>Florida Bar No. 0069389<br>cking@mtwlegal.com<br>TIFFANY M. WARD, ESQ.<br>Florida Bar No. 1019017<br>tward@mtwlegal.com<br><br>**MCDONALD TOOLE WIGGINS, P.A.**<br>111 N. Magnolia Avenue, Suite 1200<br>Orlando, FL  32801<br>Telephone: (407) 246-1800<br>Facsimile: (407) 246-1895 | */s/ Lucas W. Andrews*_____<br>MICHAEL R. BOORMAN<br>Admitted *pro hac vice*<br>mboorman@watsonspence.com<br>LUCAS W. ANDREWS<br>Admitted *pro hac vice*<br>landrews@watsonspence.com<br>TIMOTHY M. ANDREWS<br>Admitted *pro hac vice*<br>tandrews@watsonspence.com<br><br>**WATSON SPENCE LLP**<br>999 Peachtree Street, N.E.<br>Suite 1130<br>Atlanta, Georgia 30309<br>Tel.  (229) 436-1545<br>Fax:  (678) 331-7070<br>*Attorneys for Defendant/Counterclaimant*<br>*Technology Research, LLC* |
|---|---|