**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| CARRIER CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>TECHNOLOGY RESEARCH, LLC F/K/A TECHNOLOGY RESEARCH CORPORATION,<br><br>    Defendant. | CASE NO.:<br><br>8:21-cv-00008-VMC-AAS |

**JOINT NOTICE OF DISCOVERY ISSUES BEFORE THE COURT**

**COMES NOW** CARRIER CORPORATION and TECHNOLOGY RESEARCH, LLC F/K/A TECHNOLOGY RESEARCH CORPORATION (hereinafter, "TRC"); (collectively, the "Parties"), by and through their respective undersigned counsel, pursuant to this Court's February 5, 2021, Order [Doc. 35], and file this Joint Notice outlining which discovery issues are to be addressed by the Court at the February 24, 2021, discovery conference, showing this Honorable Court the following:

<u>Plaintiff Carrier States</u>: At this point in the discovery process, the Parties do not have any discovery disputes to address with the Court. Carrier has

served written discovery upon TRC. No discovery has yet been served by TRC upon Carrier. The Parties met and conferred on Wednesday, February 17, 2021, and generally discussed the manners and methods in which to perform discovery associated with Electronically Stored Information. Prior to the meeting, counsel for TRC never identified any "discovery issues" that needed to be resolved pursuant to the Court's Order (See Doc. 35). For the first time in this matter, counsel for TRC provided several areas of inquiry to counsel for Carrier *during* the call on February 21, 2021, but importantly took absolutely no position on the areas of inquiry on behalf of TRC. (emphasis added). Based on the fact TRC has yet to propound any discovery in this case, counsel for Carrier was unable to answer the novel questions posited by counsel for TRC regarding areas such as: *from which custodians/repositories has Carrier collected ESI and what is the status of the collected data at this point*. It follows logically that these inquiries can only be responded to once TRC propounds discovery requests to Carrier. Furthermore, even though counsel for TRC identifies questions regarding items such as *"email threading," and "active learning,"* similar to that of Carrier, TRC has not taken or presented any position as to these areas. Lastly, TRC has also failed to provide Carrier with which metadata fields

proposed the parties to use. It is clear that Carrier intends to move discovery forward as they are the only party in this litigation to actually propound discovery. Carrier in no way wishes to stop, slow, or hamstring the discovery process in this case. Carrier fully agrees to work together with TRC to conduct discovery of ESI as efficiently as possible and will retain ESI vendors to assist as necessary.

1. <u>Defendant/Counterclaim Plaintiff TRC States:</u> There are current discovery issues that would benefit from the Court's guidance. Carrier has repeatedly represented to the Court that it is intent upon seeking electronic discovery in this case, including production from what Carrier calls 550 gigabytes of TRC's ESI. (See, e.g., Doc 38, p. 12). Yet Carrier has repeatedly appeared at mandatory conferences in this case completely unprepared to discuss the most basic aspects of how such electronic discovery should be conducted. Most recently, when TRC appeared at the Court-ordered discovery conference with Carrier on Wednesday, February 17, 2021, TRC brought ediscovery personnel to discuss issues related to ESI production. Carrier had no one to present to discuss those issues, and its counsel could not answer such basic

questions as the following: (1) from which custodians/repositories has Carrier collected ESI[1]; (2) what is the status of the collected data; (3) what search terms does Carrier propose applying to TRC's "550 gigabytes" of data; (4) what are Carrier's thoughts on email threading; (5) what are Carrier's thoughts on applying active learning/predictive coding to both side's ESI; (6) which production format does Carrier prefer; (7) which metadata fields does Carrier propose the parties use. Carrier asked TRC's counsel to put these issues in writing so he could answer them, which Carrier's counsel did even before the conference concluded. But Carrier has, even now, provided no answers. Electronic discovery is being hamstrung by Carrier's refusal to engage on these most basic issues. Thus, TRC believes the Court's assistance in getting answers to these questions and focusing the ESI effort is now necessary.

Respectfully submitted this <u>22nd</u> day of February, 2021.

---

[1] Carrier represented during the call that it has already collected its own ESI for production.

| | |
|---|---|
| **MCDONALD TOOLE WIGGINS, P.A.**<br><br>/s/ Courtney M. King<br>SCOTT A. RICHMAN, ESQ.<br>Florida Bar No. 182753<br>srichman@mtwlegal.com<br>COURTNEY M. KING, ESQ.<br>Florida Bar No. 0069389<br>cking@mtwlegal.com<br>TIFFANY M. WARD, ESQ.<br>Florida Bar No. 1019017<br>tward@mtwlegal.com<br><br>111 N. Magnolia Avenue, Suite 1200<br>Orlando, FL 32801<br>Telephone: (407) 246-1800<br><br>**WATSON SPENCE LLP**<br><br>/s/ Lucas W. Andrews<br>MICHAEL R. BOORMAN, ESQ.<br>Admitted *pro hac vice*<br>mboorman@watsonspence.com<br>LUCAS W. ANDREWS, ESQ.<br>Admitted *pro hac vice*<br>landrews@watsonspence.com<br>TIMOTHY M. ANDREWS, ESQ.<br>Admitted *pro hac vice*<br>tandrews@watsonspence.com<br><br>999 Peachtree Street, N.E.<br>Suite 1130<br>Atlanta, Georgia 30309<br>Tel. (229) 436-1545<br>*Attorneys for Defendant/Counterclaimant Technology Research, LLC* | **HALL BOOTH SMITH, P.C.**<br><br>/s/ R. Ryan Rivas<br>R. RYAN RIVAS, ESQ.<br>F.B.N. 96700<br>2202 North Westshore Boulevard-Suite 200<br>Tampa, FL 33607<br>(813) 329-3880<br>Fax: (404) 954-5020<br>RRivas@hallboothsmith.com<br>Hall Booth Smith, P.C.<br>*Counsel for Carrier Corporation* |

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CARRIER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY RESEARCH, LLC F/K/A TECHNOLOGY RESEARCH CORPORATION,<br><br>Defendant. | CASE NO.:<br><br>8:21-cv-00008-VMC-AAS |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **JOINT NOTICE OF DISCOVERY ISSUES BEFORE THE COURT** using the Court's ECF/CM E-file system, and/or by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage affixed thereto, addressed as follows:

| | |
|---|---|
| Michael R. Boorman, Esq.<br>Lucas W. Andrews, Esq.<br>Timothy M. Andrews, Esq.<br>WATSON SPENCE, LLP<br>999 Peachtree Street NE, Suite 1130<br>Atlanta, Georgia   30309<br>mboorman@watsonspence.com<br>landrews@watsonspence.com | Scott A. Richman, Esq.<br>Courtney M. King, Esq.<br>Tiffany M. Ward, Esq.<br>MCDONALD TOOLE WIGGINS, P.A.<br>111 N. Magnolia Avenue, Suite 1200<br>Orlando, FL 32801 |

tandrews@watsonspence.com  srichman@mtwlegal.com
cking@mtwlegal.com
tward@mtwlegal.com

Dated this 22nd day of February 2021.

| | |
|---|---|
| 2202 North Westshore Boulevard-Suite 200<br>Tampa, FL 33607<br>(813) 329-3880<br>Fax: (404) 954-5020<br>RRivas@hallboothsmith.com | **HALL BOOTH SMITH, P.C.**<br><br>*/s/ R. Ryan Rivas*<br>R. RYAN RIVAS<br>F.B.N. 96700<br>Hall Booth Smith, P.C.<br>*Counsel for Carrier Corporation* |