UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARRIER CORPORATION,

       Plaintiff,
v.                              Case No. 8:21-cv-8-VMC-AAS

TECHNOLOGY RESEARCH, LLC,

       Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Technology Research, LLC's Motion for Summary Judgment (Doc. # 22), filed on January 22, 2021. Plaintiff Carrier Corporation responded on February 5, 2021. (Doc. # 38). With leave of Court, Technology Research replied on February 19, 2021. (Doc. # 41). For the reasons set forth below, the Motion is denied.

**I.**    **Background**

This case stems out of a 2014 personal injury lawsuit filed by Courtney Patton in the Superior Court of Stephens County, Georgia. (Doc. # 1-2 at 7-8, 10). While staying at the Toccoa Inn & Suites in Toccoa, Georgia, a fire broke out in Patton's room, resulting in her sustaining "significant physical injuries." (Id. at 7). Carrier was named as a defendant in that lawsuit because Patton alleged that the

1

fire was caused by a defect in one of Carrier's packaged terminal air conditioners. (Id. at 10, 14). The air conditioner in question, however, was spoliated through no fault of the parties in the instant suit. (Doc. # 22-1 at ¶ 10); (Doc. # 22-4 at 11 ("[O]nce the [] heating/cooling unit, wall outlet, electrical components and [] plug and [] cord were thrown away, spoliation occurred[.]")).

In July 2015, Carrier filed a third-party complaint in the Georgia case against Technology Research, alleging that a defect in Technology Research's plug in Carrier's air conditioner actually caused the fire. (Doc. # 22-1; Doc. # 22-2 at 6-8). Patton then added Technology Research as a defendant in the underlying suit. (Doc. # 22-2 at 7). The underlying lawsuit later settled and the claims against the defendants were dismissed, leaving only Carrier's third-party complaint against Technology Research. (Id. at 11-16).

The parties disagree over the amount of discovery that was completed during the Georgia case. Technology Research contends that Patton's underlying claims "were litigated over two years, during which time the parties took discovery on the cause and origin of the fire." (Doc. # 22 at ¶ 5; Doc. # 22-2). According to Technology Research, that discovery produced just one expert opinion – that of Loren M. Griswold,

2

a certified fire investigator. (Doc. # 22 at ¶ 5; Doc. # 22-3 at 8:15-22; Doc. # 1-2 at 47-69). Mr. Griswold was engaged "to render a professional opinion as to the origin and cause of the fire" in Patton's room. (Doc. # 1-2 at 48). In his report, Mr. Griswold concluded that: (1) "[n]o evidence of an exterior fire was discovered during the fire scene inspection," (2) "[t]he fire originated in motel room 203 of the structure," (3) "[t]he area of origin was determined to be the wall mounted [heating, ventilation, and air conditioning ('HVAC')] unit," and (4) "[t]he cause of the fire was attributed to resistance heating where the HVAC plug was inserted in a wall outlet." (Id.). In his deposition, Mr. Griswold explained that "the interaction between the plug and the outlet" caused the fire. (Doc. # 22-3 at 119:7-25). In the Georgia proceeding, Carrier missed certain deadlines with regard to its own expert witnesses' opinions – although Carrier contends it was planning on moving for extensions of those deadlines. (Doc. # 22 at ¶ 7; Doc. # 22-5 at 15; Doc. # 38 at ¶ 9; Doc. # 38-3).

Carrier maintains that the parties did not have the opportunity to conduct sufficient discovery during the course of the Georgia proceedings. (Doc. # 38 at 10-16). Specifically, Technology Research "objected to production of

3

over [550] gigabytes of potentially inculpatory [electronically stored information ('ESI')]." (Id. at ¶ 6; Doc. # 38-1). Carrier offers the declaration of its attorney of record stating as much. (Doc. # 38-5). Additionally, discovery in the Georgia case was stayed pending interlocutory appeal. (Doc. # 41-10). And, Carrier had identified another expert during the Georgia proceedings, Jeffrey E. Lindsay, an electrical engineer who was "expected to opine regarding the nature of the defective [plug]." (Doc. # 38 at ¶ 8; Doc. # 38-2). Carrier's expert witness disclosures noted that Mr. Lindsay would "testify regarding his opinions, testing and analysis of the [Technology Research] device related to its design and function, and the causal failure of the [Technology Research plug] as related to the subject incident due to its defective design and nature." (Doc. # 38-2 at 1).

On November 6, 2020 – after motions for summary judgment were filed in the Georgia case – Carrier voluntarily dismissed the third-party complaint without prejudice. (Doc. # 22-6; Doc. # 22-8 at 2). Carrier then filed the instant action in Florida state court on November 20, 2020. (Doc. # 1). Technology Research thereafter removed the case to this Court on January 4, 2021. (Id.). The complaint includes claims

against Technology Research for contractual indemnity (Count I), and common law indemnity (Count II). (Doc. # 1-2). That same day, Technology Research filed its answer and conditional counterclaim in which it seeks indemnification from Carrier. (Doc. # 2).

Two days after the parties filed their case management report, and before the Court entered its case management and scheduling order, Technology Research moved for summary judgment in its favor. (Doc. ## 15; 22; 29; 30). Following a case management hearing, the Court entered its case management and scheduling order on January 27, 2021, providing for a September 10, 2021, discovery deadline. (Doc. # 30 at 1; Doc. # 29). Carrier thereafter responded to the Motion (Doc. # 38), and Technology Research replied. (Doc. # 41). The Motion is now ripe for review.

II. **Analysis**

Technology Research moves for an entry of summary judgment in its favor, arguing that "Carrier's indemnification theories fail as a matter of law due to the undisputed evidence that the underlying personal injury claims were caused, not by any product defect, but by aged and worn outlets at the hotel." (Doc. # 22 at 5). Carrier responds that the Motion is premature because the parties

have not had adequate time to conduct discovery and that there remains a genuine issue of material fact as to the origin and cause of the fire. (Doc. # 38 at 10-16). Because the Court finds the Motion premature, it need not address Technology Research's arguments for summary judgment at this juncture.

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Live Face on Web, LLC v. Drutman, No. 8:15-cv-1128-VMC-MAP, 2015 WL 5996937, at *2 (M.D. Fla. Oct. 14, 2015) (citing Fed. R. Civ. P. 56(a)). "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time [thirty] days after the close of all discovery." Fed. R. Civ. P. 56(b). However, "[t]here is no 'blanket prohibition on the granting of summary judgment motions before discovery' has occurred." Est. of Todashev v. United States, 815 F. App'x 446, 450 (11th Cir. 2020) (quoting Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843 (11th Cir. 1989) (per curiam)).

Still, Federal Rule of Civil Procedure 56 "implies . . . [that] district courts should not grant summary judgment

until the non-movant has had an adequate opportunity for discovery." Blumel v. Mylander, 919 F. Supp. 423, 428 (M.D. Fla. 1996) (internal quotation marks and citation omitted). Furthermore, the Eleventh Circuit has determined that "summary judgment may only be decided upon an adequate record." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988) (internal quotation marks and citation omitted); see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition."). Indeed,

> [t]he party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Snook, 859 F.2d at 870 (citations omitted). "Rule 56(d), by its terms, requires only that [the] non-moving party 'show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'"

7

Estate of Todashev, 815 F. App'x at 453 (quoting Fed. R. Civ. P. 56(d)) (emphasis omitted).

Here, prior to the filing of this Motion, the parties had no opportunity for discovery in the *instant* case. Indeed, the Motion was filed before the Court held its case management hearing and before the Court entered its case management and scheduling order. (Doc. ## 22; 30). However, as noted, the parties disagree over the amount of discovery completed in the Georgia state court proceedings. Technology Research contends that the "Carrier has already had the benefit of full discovery in the previous action." (Doc. # 41 at 5). Carrier, on the other hand, maintains that there is significant discovery outstanding. (Doc. # 38 at 12-16).

Specifically, prior to the stay of discovery pending interlocutory appeal in the Georgia case, Technology Research only "provided responses in partial compliance with Carrier's [first requests for production of documents] and objected to producing over [550] gigabytes of [ESI] – potentially millions of relevant documents related to other similar incidents . . . involving [Technology Research's plug] overheating, resistance heating, scorching, charring, igniting, burning or melting – conditions which were denied by [Technology Research] and are directly at issue in this

8

action." (Id. at 12-13; Doc. # 38-4). Additionally, Technology Research "objected to over [120] of Carrier's non-party requests for production of documents." (Doc. # 38 at 13). And, Carrier intends to call its own experts in this case, including a "causation expert" (Doc. # 38-5 at ¶ 7). Attached to its response to the Motion, Carrier offers the declaration of R. Ryan Rivas, Carrier's counsel of record, outlining the aforementioned outstanding fact and expert discovery. (Doc. # 38-5 at ¶¶ 4, 6-9).

Given the circumstances, the Court agrees with Carrier that this Motion is premature. According to Carrier's declaration, there are substantial discovery issues pending, including issues relating to the cause of the fire. The Court entered its case management and scheduling order on January 27, 2021, providing for a discovery deadline of September 10, 2021, which is several months away. (Doc. # 30 at 1). And, a schedule for production of ESI has already been entered in this case. (Doc. # 63). Although the case was pending in Georgia state court for a significant amount of time, Carrier was unable to conduct a substantial portion of the discovery it hoped to. Even if the stay of discovery was at Carrier's request, or if it missed certain deadlines, several of its discovery requests made prior to the stay were allegedly not

sufficiently responded to. (Doc. # 41-10); see Kahama VI, LLC v. HJH, LLC, No. 8:11-cv-2029-JSM-TBM, 2014 WL 521085, at *3 (M.D. Fla. Feb. 10, 2014) ("It is inappropriate for the court to grant summary judgment when the party opposing the motion has been unable to obtain responses to his discovery requests.").

Therefore, the parties may proceed with discovery, and the Motion is denied as premature. See, e.g., Galligan v. Raytheon Co., No. 8:08-cv-2427-VMC-TGW, 2009 WL 2985689, at *2 (M.D. Fla. Sept. 15, 2009) (denying a motion for summary judgment as premature because of outstanding discovery); Rodriguez v. Target Corp., No. 14-CIV-21115, 2014 WL 4954252, at *4 (S.D. Fla. Oct. 2, 2014) (denying a motion for summary judgment where certain witnesses still had to be deposed).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Technology Research, LLC's Motion for Summary Judgment (Doc. # 22) is **DENIED** as premature.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of May, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE